UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **FREDRIC RUNNELS** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Case No. 4:23-cv-0355 § |
| | § | |
| **FOXWORTH-GALBRAITH LUMBER COMPANY** | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
### (Jury Demand)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Fredric Runnels, Plaintiff, complaining of Foxworth-Galbraith Lumber Company, Defendant, and for cause of action, Plaintiff would show the Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to pursuant to 28 U.S.C. §1331 because this case involves a federal question. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(1) because Defendant Foxworth-Galbraith Lumbar Company is headquartered in the Eastern District of Texas, Sherman Division.

### THE PARTIES

*Plaintiff*

2. Plaintiff Fredric Runnels is a Bell County, Texas resident.

*Defendant*

3.  Defendant Foxworth-Galbraith Lumber Company is a corporation duly authorized to do business in the State of Texas. It is headquartered in Plano, Texas. It may be served with process through its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## FACTS

4.  Following is a summary of the harassment Mr. Runnels endured during his employment with Defendant. Plaintiff was hired by Defendant in 2015 as a driver. After a while working for Defendant, Plaintiff applied to be a dispatcher for the Belton location. Plaintiff obtained the new job position of dispatcher on October 2, 2017, in which he would coordinate deliveries for Defendant. Plaintiff had the dream to continue working up the employment ladder with Defendant and eventually become a General Manager.

5.  Defendant purchased 195 Lumber and merged its business into theirs. In doing so, Defendant brought in Jimmy Parker—a white male from 195 Lumber—as a higher up at the Belton location. Mr. Parker and other employees of Defendant generated a culture of racial discrimination towards the minority employees, specifically Plaintiff. This culture was a continuing violation beginning once Mr. Parker began his employment after the purchase.

6.  In August of 2020, Plaintiff had completed his work for his position and went to ask Mr. Parker what else could be done as he had more time to help out on the day's workload. Plaintiff approached Mr. Parker and asked him. In response, Mr. Parker told Plaintiff that he could "shine his shoes." This comment was highly inflammatory and discriminatory towards Plaintiff because of the racist history behind it. Even further, this became a continuing joke told towards Plaintiff with other employees asking him "how the shoe shining business was going."

7. Plaintiff complained about this discriminatory comment to Alexis Emery, a Human Resources Representative for Defendant. Plaintiff had the good faith belief that his complaint would be sent up the ladder to the appropriate authority in the company to handle these types of situations. Plaintiff would later find out that this was not the case.

8. Later in 2020, Plaintiff approached two employees who were having a conversation. As soon as Plaintiff approached, one of the employees said to the other that "I know this n****r just didn't jump in our conversation." Plaintiff again complained about this comment. As with the shoe shine comments, nothing was done about this discriminatory comment either. The hostile environment of discrimination against Plaintiff kept continuing.

9. The next blatant discriminatory comment towards Plaintiff came from his supervisor Bret Thompson, a white male. Plaintiff was asked by Mr. Thompson to bring paperwork to a different employee because that employee required a drug test. Upon completing the task, Mr. Thompson proceeded to call Plaintiff a "dread head," insinuated that he was a drug dealer, and then stated that he wondered when Human Resources would send Mr. Thompson the paperwork to drug test Plaintiff so that he could get rid of him. These comments were very offensive and discriminatory because of the longstanding racist stereotype that African American men are drug dealers/users.

10. During this time when Plaintiff was complaining of the incidents of discrimination he was enduring by Defendant, Defendant began to retaliate against him for making the complaints. Specifically, Plaintiff would be written up time and time again for things, issues, or incidents that either did not involve him or that he was not the cause of the problem occurring. Plaintiff was adamant against each of these write-ups that they were facially wrong and that he did

not deserve them. Plaintiff appealed each write-up as they were only in retaliation for making the complaints of discrimination.

11. The environment of retaliation and discrimination continued throughout 2021 and Plaintiff began to suspect that his complaints were not being used in an investigation and wondered if they even were given to the seniority in Human Resources to begin such an investigation. This is what led Plaintiff to take matters into his own hands and contact Ms. Andrews directly. This was on August 17, 2021, where Plaintiff had conversations with Ms. Andrews complaining of the discrimination and retaliation, he was facing that he had already sent elsewhere which nothing had come of it. Notably, the timing of this complaint coincided with another act of retaliation that Plaintiff endured.

12. On August 4, 2021, Plaintiff was approached by his supervisors and told that he would need to be transferred from the Belton location (where he was working) to the Killeen location. Mr. Thompson told Plaintiff that he had to take the transfer, or he would be forced to resign. Plaintiff did not want to take this transfer because he intended to keep working his way up the managerial ladder and become a general manager of the Belton location. This was common knowledge of his aspirations of working with Defendant. If Plaintiff moved to the Killeen location, there would be no room for upward advancement.

13. Plaintiff was forced into taking the transfer in retaliation for making racial discrimination complaints to Human Resources, with some of them directly mentioning Mr. Thompson and his conduct towards Plaintiff. Mr. Thompson decided that, because of these complaints, Plaintiff would be transferred and kept away from any possibly advancement of his career with Defendant adversely affecting his employment. This retaliation was the final straw

which made Plaintiff take his complaints to the highest authority he could in Human Resources (as explained above) because nothing was done to stop the discrimination and retaliation.

14. Defendant's racial discrimination and retaliation against Plaintiff did not begin on this August 17, 2021, date. Instead, there had been a continuing violation perpetuated by Defendant against Plaintiff since 2020. Defendant continuously discriminated against Plaintiff because of his race and retaliation against him for reporting this discrimination to Human Resources.

## CAUSES OF ACTION

### A.  Discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981

12. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

13. As set forth above, Plaintiff was discriminated against because of his race. Defendants also created a racially hostile work environment.

14. Defendant violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

15. Defendant's violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

### B.  Retaliation under Title VII of the Civil Rights Act of 1964, as amended and in violation of 42 U.S.C. §1981

16. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

17. As set forth above, Plaintiff has been retaliated against by Defendant for reporting discriminatory actions. Defendant's warrantless write-ups for his performance and his forced

transfer to a different location to keep him from obtaining a promotion were retaliation. Therefore, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §1981.

18. Defendant's violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

## DAMAGES

19. As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost back pay, front pay, past and future loss of earning capacity, and past and future mental anguish. Plaintiff is also entitled to exemplary damage because of the nature of Defendant's conduct.

## ATTORNEY'S FEES

20. Plaintiff has been forced to obtain counsel to represent him in this matter. Plaintiff is entitled to reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

## CONDITIONS PRECEDENT

21. All conditions precedent to the bringing of the present litigation, such as the filing of EEOC complaints and a notice of right to sue letter being obtained, have occurred or have been performed. Attached as Exhibit A is the Notice of Right to File a Civil Action obtained from the EEOC.

## COURSE AND SCOPE

22. The actions of Defendant described within this Complaint were committed by its employees and agents who in turn were acting in the course and scope of its employment.

## JURY DEMAND

23. Plaintiff demands a trial by jury of all claims asserted in this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that he be awarded damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and all other relief to which he is entitled.

Respectfully submitted,

*/s/ David B. Joeckel, Jr.*
David B. Joeckel, Jr.
State Bar No. 10669700

THE JOECKEL LAW OFFICE
219 South Main Street, Suite 301
Fort Worth, Texas 76104
Telephone: (817) 924-8600
Facsimile: (817) 924-8603
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Mr. Fredrick Baanah<br>8000 Habner Drive<br>Killeen, TX 76549 | From: | Dallas District Office<br>207 S. Houston Street, 3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2022-00096 | AVIE MURRELL,<br>AVIE.MURRELL@EEOC.GOV | 972-918-3581 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

  - More than 180 days have passed since the filing of this charge.

  - The EEOC is terminating its processing of this charge.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Shemell D. Perry**  Digitally signed by Shemell D. Perry
Date: 2023.02.13 15:18:02 -06'00'

Enclosures(s)

For Travis M. Nicholson
District Director

cc: Weston Shumate
Jackson Lewis PC
500 N Akard ST STE 2500
Dallas, TX 75201

Vernada Howard
Jackson Lewis PC
500 N Akard ST STE 2500
Dallas, TX 75201

Talley Parker
Jackson Lewis PC
500 N Akard ST STE 2500
Dallas, TX 75201

Amy Andrews
Foxworth-Galbraith Lumber Company
1112 South Fort Hood Street Hwy 195
Killeen, TX 76542